BOHM, MATSEN, KEGEL & AGUILERA, LLP
A. Eric Aguilera, Esq. (SBN 192390)
Kari M. Myron, Esq. (SBN 158592)
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (714) 384-6500
Facsimile: (714) 384-6501
Email: eaguilera@bmkalaw.com

Attorneys for Defendant
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT -- FRESNO DIVISION

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, and DOES 1 through 10, inclusive, <br><br> Defendants. | ) CASE NO.: <br> ) <br> ) Assigned for all purposes to <br> ) Hon. _____ <br> ) Dept. _____ <br> ) <br> ) **NOTICE OF REMOVAL TO FEDERAL COURT** <br> ) <br> ) *Complaint originally filed: July 29, 2010, in Stanislaus Superior Court (Case No. 656335)* <br> ) <br> ) |

To the Clerk of the United States District Court for the Eastern district of California – Fresno Division.

///

1
NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, hereby removes to this Court, the State Court action described below.

Defendant hereby gives notice that this action is removed to the United States District Court for the Eastern District of California from the Superior Court of the State of California in and for the County of Stanislaus.

Pursuant to 28 U.S.C. §1441, Defendant further states as follows:

1. That Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA is named as the defendant in a civil action filed in the Superior Court for the State of California for the County of Stanislaus titled *Landmark American Insurance Company v. Travelers Property Casualty Company of America*. Said case is case no. 656335.

2. The action was commenced by Plaintiff LANDMARK AMERICAN INSURANCE COMPANY when Plaintiff filed a Summons and Complaint in the Superior Court of the State of California, County of Stanislaus, bearing case no. 656335 entitled *Landmark American Insurance Company v. Travelers Property Casualty Company of America*. Defendant was served with the Summons and Complaint on or about August 12, 2010. This Notice of Removal is timely, in that it is being filed within 30 days of Defendant's receipt of the Summons and Complaint. Defendant has not filed pleadings in the state court action.

3. The following pleadings of said case are attached hereto and incorporated herein by reference:

    a. **Exhibit A**: Complaint dated July 29, 2010 for declaratory relief;

    b. **Exhibit B**: Proof of Service of Summons and Complaint dated August 12, 2010 indicating service of the Summons and Complaint upon Defendant;

    c. **Exhibit C**: Notice of Case Management Conference;

d.  **Exhibit D**: Civil Case Cover Sheet;

4.  The above-mentioned action is a civil action of which this court has jurisdiction under 28 U.S.C. §1332 – diversity jurisdiction. This is a declaratory relief action as between insurers wherein Plaintiff seeks reimbursement from Defendant of settlement costs and defense fees and costs incurred in connection with Plaintiff's defense of its insured, Wells Construction in the underlying case, *Gilbert Valdez, Sr. v. Safeway Inc., et al* (County of Stanislaus Case No. 831061). The amount in controversy exceeds $75,000. [See, e.g., **Exhibit A** at ¶¶ 10:7-10, 17.]

5.  This is a civil action over which this court has original jurisdiction and the action is removable to this court pursuant to 28 U.S.C. §§1441(a) and 1446.

## STATEMENT OF FACTS

6.  Plaintiff is a stock company duly organized and existing under the laws of the State of Oklahoma. [See, **Exhibit A** at ¶ 1.]

7.  Defendant herein is a Connecticut corporation. [See, **Exhibit A** at ¶ 2.]

8.  At the relevant time, Plaintiff was the insurer of Wells Construction, a general contractor; Defendant was the insurer of Rountree Plumbing. [See, **Exhibit A** at ¶¶ 6, 11.]

9.  Wells Construction was hired by Safeway, Inc. to perform certain general contractor services at Safeway store #1968 located in Turlock, California. In turn, Wells Construction entered into a subcontract agreement with Rountree Plumbing with respect to certain plumbing services at the Turlock remodel. [See, **Exhibit A** at ¶¶ 7-8.]

10. On August 28, 2008, Wells Construction was sued by Gilbert Valdez, Sr. under theories of general negligence and premises liability, pursuant to which Valdez alleged that he suffered personal and bodily injuries when he tripped and fell over copper tubing in store #1968. Plaintiff herein provided Wells Construction with a

defense in that action, and ultimately settled with Valdez. [See, **Exhibit A** at ¶¶ 9-10.]

11.   Plaintiff alleges in this instant action that the Valdez settlement as well as the defense fees and costs incurred by it in the *Valdez* action, should have been borne by Defendant instead. For this, Plaintiff seeks reimbursement of the $18,000 in settlement plus defense fees and costs "in excess of $66,000". [See, **Exhibit A** at ¶10, 17, and Request for Relief.]

WHEREFORE, Defendant prays that the above action now pending in the Stanislaus County Superior Court of the State of California, bearing case no. 656335 entitled *Landmark American Insurance Company v. Travelers Property Casualty Company of America* be removed to this court.

Dated: August 9, 2010

BOHM, MATSEN, KEGEL & AGUILERA, LLP

A. Eric Aguilera, Esq.
eaguilera@bmkalaw.com
Kari M. Myron, Esq.
kmyron@bmkalaw.com
Richard A. Semon, Esq.
rsemon@bmkalaw.com
Attorneys for Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

# Exhibit A

1  Denis F. Shanagher, State Bar No. 100222
   William L. Marchant, State Bar No. 154445
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   Rincon Center II, 121 Spear Street, Suite 200
3  San Francisco, California 94105-1582
   Telephone No.: 415.356.4600
4  Fax No.: 415.356.4610
   E-Mail: dshanagher@luce.com
5
   Attorneys for Plaintiff LANDMARK AMERICAN INSURANCE COMPANY
6

FILED
10 JUL 29 PM 1: 12
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY ~~CINDY CRUZ~~
                    DEPUTY

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF STANISLAUS

10

11 | LANDMARK AMERICAN INSURANCE        Case No. 656335
   | COMPANY,
12 |                                    COMPLAINT FOR DECLARATORY
   |        Plaintiff,                  RELIEF
13 |
   | v.
14 |
   | TRAVELERS PROPERTY CASUALTY
15 | COMPANY OF AMERICA, and DOES 1     BY FAX
   | through 10, inclusive,
16 |
17 |        Defendants.

18

19      Plaintiff LANDMARK AMERICAN INSURANCE COMPANY hereby alleges as follows:

20      1.      Plaintiff LANDMARK AMERICAN INSURANCE COMPANY ("Landmark") is, and

21 at all times herein mentioned was, a stock company duly organized and existing under the laws of the

22 State of Oklahoma and doing business in the State of California.

23      2.      Landmark is informed and believes and thereon alleges that Defendant TRAVELERS

24 PROPERTY CASUALTY COMPANY OF AMERICA ("Travelers") is, and at all times herein

25 mentioned was, a Connecticut Corporation doing business in the State of California.

26      3.      The true names and capacities, whether individual, corporate, associate, or otherwise,

27 of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who

28 therefore sues said Defendants by such fictitious names pursuant to Code of Civil Procedure section

*This case has been assigned to Judge RON W. JOHNSON Department 23 for all purposes including Trial.*

COMPLAINT FOR DECLARATORY RELIEF

474. Plaintiff will amend this complaint to show their true names and capacities when such has been ascertained. Plaintiff is informed and believes, and, based upon such information and belief, alleges that all Defendants sued herein as Does are in some manner responsible for the acts herein alleged.

4. Plaintiff is informed and believes, and, based upon such information and belief, alleges that at all times mentioned herein each of the Defendants, including the Defendants named as Does herein, was the agent, employee, and/or assignee of each of the remaining Defendants, and in committing the acts mentioned herein was acting within the scope of such agency, employment, and/or assignment.

## VENUE AND JURISDICTION

5. Venue and jurisdiction is proper in the County of Stanislaus because the underlying liability action was filed in this County and thus the alleged obligation or liability arises here.

## FACTUAL BACKGROUND

6. Plaintiff Landmark issued a policy of commercial general liability insurance to Wells Construction Inc. ("Wells") for the period October 24, 2006 to October 1, 2007, with limits of $1 million per occurrence and $2 million in the aggregate for Products Completed Operations, and a $5,000 per claim deductible, policy no. LHA 130674 (the "Landmark Policy"). Wells is a general contracting firm with its principal place of business in Roseville, California.

7. In 2007, Safeway, Inc.("Safeway") retained Wells as the general contractor for a remodeling project at Safeway store #1968, located in Turlock, California (the "Project").

8. In turn, Wells retained Rountree Plumbing & Heating, Inc. ("Rountree") as a subcontractor to perform plumbing services related to the Project. By virtue of a Subcontract Agreement ("Subcontract Agreement") dated July 17, 2007 between Rountree and Wells, Rountree agreed as follows:

> 14. Subcontractors Insurance. Prior to start of Subcontractor's Work, the Subcontractor shall procure for the Subcontractor's Work and maintain in force ... Comprehensive or Commercial General Liability Insurance on an occurrence basis, and all insurance required of the Contractor under the Contract Documents. The Contract, Owner and other parties as designated in the Contract Documents shall be named as additional insured's on each of these policies except for Worker's Compensation.

9. On or about August 28, 2008, Plaintiff Valdez filed a complaint against Safeway,

Wells, Rountree and others for general negligence and premises liability, *Gilbert Valdez, Sr. v. Safeway Inc., et.al.*, County of Stanislaus Case No. 831061 (the "Underlying Lawsuit"). In the Underlying Lawsuit, Mr. Valdez contends that he suffered personal injuries on August 13, 2007, at the Project site, when he tripped over copper tubing, fell backwards, and his shopping cart fell on him (the "Incident").

10. Landmark provided a defense to Wells in the Underlying Lawsuit, and provided a defense to Safeway as an additional insured under the Landmark Policy. In the Underlying Lawsuit Wells and Rountree have settled with Plaintiff Valdez, with Rountree contributing $12,000 and Landmark contributing $18,000 for a total settlement of $30,000. In addition, Landmark incurred in excess of $66,000 in costs and defense fees in the Underlying Action.

11. Defendant Travelers issued a policy of commercial general liability insurance to Rountree for the period September 1, 2006 to September 1, 2007, with limits of $1 million per occurrence and $2 million in the aggregate for products/completed operations, Policy No. C0331K8463 (the "Travelers Policy").

12. The Travelers Policy contains a Blanket Additional Insured Endorsement Form CG D246 (08/05) ("Additional Insured Endorsement") that modifies the insurance provided thereunder. The Additional Insured Endorsement states in pertinent part as follows:

> WHO IS AN INSURED -- (Section II) is amended to include any person or organization that you agree in a "written contract requiring insurance" to include as an additional insured on the Coverage Part, but:
>
> a) Only with respect to liability for "bodily injury", "property damage" or "personal injury", and
>
> b) If, and only to the extent that, the injury or damage is caused by acts or omissions of you or your subcontractor in the performance of "your work" to which the "written contract requiring insurance" applies. The person or organization does not qualify as an additional insured with respect to the independent acts or omissions or such person or organization.
>
> ...
>
> 3. The insurance provided to the additional insured by this endorsement is excess over any valid and collectible "other insurance", whether primary, excess, contingent or on any other basis, that is available to the additional insured for a loss we cover under this endorsement. However, if the "written contract requiring insurance" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to "other

insurance" available to the additional insured which covers that person or organization as a named insured for such loss, and we will not share with that 'other insurance'. But the insurance provided to the additional insured by this endorsement is still excess over any valid and collective 'other insurance', whether primary, excess, contingent or on any other basis, that is available to the additional insured when that person or organization is an additional insured under such 'other insurance'.

13. Commencing on February 12, 2008, and continuing thereafter, Wells has tendered its defense and indemnity of the Underlying Lawsuit to Travelers pursuant to the terms of the Subcontract Agreement between Wells and Rountree and the Additional Insured Endorsement. Landmark has also tendered the defense of Wells to Travelers pursuant to the terms of the Subcontract Agreement and the Additional Insured Endorsement.

14. Commencing on March 21, 2008, and continuing thereafter, Travelers has denied the tenders of Wells and Landmark in connection with the Underlying Lawsuit.

**FIRST CAUSE OF ACTION**
**DECLARATORY RELIEF**
**(AGAINST ALL DEFENDANTS)**

15. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 14 as though fully set forth herein.

16. An actual controversy has arisen and now exists between Plaintiff and defendants concerning their respective rights and obligations under the Travelers Policy. Plaintiff contends that Wells is an additional insured under the terms of the Travelers Policy and that Travelers had an obligation to defend and indemnify Wells on a primary basis in connection with the Underlying Lawsuit. On information and belief, Travelers contends that Wells is not an insured under the terms of the Travelers Policy, or if Wells is an insured, the Travelers Policy is excess to the Landmark Policy.

17. Plaintiff desires a judicial determination and declaration of the parties' respective rights, duties and obligations under the Travelers Policy and, specifically, a Declaration that Wells is an insured under the Travelers Policy, that Travelers was required to provide a defense to Wells on a primary basis, and that Landmark is entitled to reimbursement from Travelers for the settlement costs, fees and costs incurred to date in the defense of Wells.

## REQUEST FOR RELIEF

WHEREFORE, Landmark prays for judgment against defendants, and each of them, as follows:

1. For a judicial determination and declaration that Travelers was obligated to contribute to the defense of Wells Construction on a primary basis from the date of the initial tender of defense to the present;

2. For a Declaration that Landmark is entitled to be reimbursed by defendant Travelers for the settlement costs, fees and defense costs incurred to date in the defense of Wells;

3. For costs of suit herein incurred; and

4. For such other and further relief as the court may deem proper.

DATED: July 28, 2010          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Denis F. Shanagher
Attorneys for Plaintiff
Landmark American Insurance Company

301155298.3

# Exhibit B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Travelers Property Casualty Company of America, and DOES 1 through 10, Inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Landmark American Insurance Company,

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Stanislaus
800 11th Street
P.O. Box 3488
Modesto, CA 95353

Stanislaus County Superior Court
Civil Division
City Towers, 4th Floor
801 10th Street
Modesto, CA 95354

CASE NUMBER:
*(Número del Caso):* 656335

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William L. Marchant 154445  415.356.4600  415.356.3899
Luce Forward Hamilton & Scripps, LLP
121 Spear Street, Suite 200 San Francisco, CA 94105

DATE: JUL 29 2010  Clerk, by CINDY CRUZ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8/12/10

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

American LegalNet, Inc.
www.FormsWorkflow.com

# Exhibit C

PAGE 07/17

11.26.10
12.13.10
CAL

FILED

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE) <br> DENIS F SHANAGHER, ESQ SBN 100222  PH 415356-4600 <br> LUCE, FORWARD, HAMILTON & SCRIPPS L.L.P. <br> 121 SPEAR STREET, SUITE 200  FX 415 356-4610 <br> SAN FRANCISCO, CA  94105-1582 <br> Attorney for: Plaintiff | 10 JUL 29 PM 12 <br> CLERK OF THE SUPERIOR COURT <br> COUNTY OF STANISLAUS <br> BY CINDY CRUZ <br> DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS <br> Street Address:  City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354 <br> Civil Clerk Office: 801 10th Street, 4th Floor, Modesto, CA 95354 | |
| Plaintiff/Petitioner: LANDMARK AMERICAN INSURANCE COMPANY <br> Defendant/Respondent: TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, ET AL. | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER <br> 656335 |

1. NOTICE is given that a Case Management Conference has been scheduled as follows:

    Date: 12/13/10   Time: 9:00 (AM)/PM   BY FAX

    This case is assigned to Judge HURL W. JOHNSON Dept 23, for all purposes, including trial.
    *Department 21 is located at 801 10th Street, 6th Floor, Modesto, CA. 95354

    *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354
    All filings, including cases assigned to Department 21, shall be filed in the Clerk's Office at the City Towers, 4th Floor address.

    ----

    You have 30 calendar days to file a written response with this court after the legal papers and the summons were served on you. You must also serve a copy of your written response on the plaintiff.

2. You must file and serve a completed *Case Management Conference Questionnaire* at least fifteen (15) days before the case management conference.
3. You must be familiar with the case and be fully prepared to participate effectively in the case management conference.
4. At the case management conference the court may make pretrial orders, including the following:
    a. An order establishing a discovery schedule.
    b. An order referring the case to arbitration.
    c. An order dismissing fictitious defendants.
    d. An order scheduling exchange of expert witness information.
    e. An order setting subsequent conferences and the trial date.
    f. Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date:  JUL 29 2010,   Clerk, by   CINDY CRUZ   Deputy

CV0
--SANCTIONS--
If you do not file the *Case Management Questionnaire* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money).
3/09

# Exhibit D

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
William L. Marchant 154445
Luce Forward Hamilton & Scripps, LLP
121 Spear Street, Suite 200
San Francisco, CA 94105
TELEPHONE NO.: 415.356.4600  FAX NO.: 415.356.3899
ATTORNEY FOR (Name): Landmark American Insurance Company

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus
STREET ADDRESS: 800 11th Street
MAILING ADDRESS: P.O. Box 3488
CITY AND ZIP CODE: Modesto, CA 95353
BRANCH NAME: Stanislaus County Superior Court, Civil Division, City Towers, 4th Floor, 801 10th Street, Modesto, CA 95354

**FOR COURT USE ONLY**
FILED
10 JUL 29 PM 1:14
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY _____ CINDY CRUZ _____ DEPUTY

**CASE NAME:** Landmark American Insurance Company v. Travelers Property Casualty Company of America, and DOES 1 through 10, inclusive

**CIVIL CASE COVER SHEET**
☒ Unlimited (Amount demanded exceeds $25,000)
☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter  ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

**CASE NUMBER:** 656335
JUDGE:
DEPT:

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☒ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☐ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): 1
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 28, 2010

William L. Marchant
(TYPE OR PRINT NAME)   ► _signature_
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Costa Mesa, County of Orange in the State of California. I am over the age of 18 and am not a party to the within action. My business address is 695 Town Center Drive, Suite 700, Costa Mesa, California 92626. On **September 9, 2010**, I served the documents named below on the parties in this action as follows:

DOCUMENT(S) SERVED:   NOTICE OF REMOVAL TO FEDERAL COURT

SERVED UPON:   **SEE ATTACHED SERVICE LIST**

☒ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Costa Mesa, California. I am readily familiar with the practice of the Law Offices of Bohm, Matsen, Kegel, & Aguilera LLP. for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY ELECTRONIC FILING WITH THE U.S. DISTRICT COURT) By submitting said documents for Electronic Case Filing on said date pursuant to Local Rule 5-4 and General Order45, at Bohm, Matsen, Kegel & Aguilera, LLP at 695 Town Center Drive, Suite 700, Costa Mesa, 92626.

☐ (BY PERSONAL SERVICE) I **caused** the above-referenced documents to be personally delivered on the date listed below.

☐ (BY FEDERAL EXPRESS) I am readily familiar with the practice of the Law Offices of Bohm Matsen, Kegel & Aguilera, LLP. for the collection and processing of correspondence for overnight delivery and known that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☐ (BY FACSIMILE WHERE INDICATED) The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error. Pursuant to C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission report, a copy of which is attached to this Declaration.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on **September 9, 2010**, at Costa Mesa, California.

*Kathleen L. Rickard*

Kathleen L. Rickard

## SERVICE LIST

### TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al. v. CENTEX HOMES, et al.
United States District Court – Eastern Division – Fresno
Case No. 1:10-at-00674 (Temporary Case Number)

| | |
|---|---|
| Dennis F. Shanafher  (SBN 100222)<br>William L. Marchant (SBN 154445)<br>LUCE, FORWARD, HAMILTON &<br>SCRIPPS, LLP<br>121 Spear Street<br>Suite 200<br>San Francisco, CA 94105<br>T: 415-356-4600<br>F: 415-356-4510<br>dshanagher@luce.com<br>wmarchant@luce.com | Attorneys for Plaintiff:<br>**LANDMARK AMERICAN INSURANCE COMPANY** |

Law Offices of
ohm, Matsen,Kegel & Aguilera, LLP
695 Town Center Drive, Suite 700
Costa Mesa, CA 92626
(714) 384-6500
(714) 384-6501 (fax)

2
Proof of Service